PER CURIAM.
Ernest Meriweather appeals his convictions, and the State cross-appeals Meri-weather’s sentence. We affirm his convictions without discussion; however, his sentence must be reversed because the trial court failed to include eighteen sentencing points for firearm possession.
Meriweather was convicted of felonious firearm possession (count I); battery on a law enforcement officer (count II); resisting arrest with violence (count III); possession of a firearm during the commission of a felony (count TV); and possession of cocaine (count V). The guidelines scoresheet prepared at sentencing reflected a permissible range of 29.9 to 49.9 months’ imprisonment; Meriweather was sentenced to 29.9 months on all counts. However, eighteen points were not assessed for his possession of a firearm during the commission of counts II, III and V.[1] This eighteen-point assessment is mandatory for felonies which do not have firearm possession as an essential element.
We, therefore, remand for resentencing. On remand, Meriweather’s new sentence must include eighteen points for firearm possession.
THREADGILL, A.C.J., and NORTHCUTT and STRINGER, JJ., Concur.

. Section 921.0014(l)(b), Florida Statutes (1997), provides that if the offender is convicted of committing or attempting to commit any felony, other than those enumerated in section 775.087(2), while having in his or her possession a firearm, an additional eighteen sentence points are assessed. See also Fla. R.Crim. P. 3.702(d)(12) (eighteen additional sentence points shall be assessed where the defendant is convicted of committing or attempting to commit a felony while in possession of a firearm).